# Exhibit A

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM
NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E
RECEIVED NYSCEF: 02/28/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

JOHN JOSEPH TAGLIARINO,

                          Plaintiff,

    -against-

FALCON SAFETY PRODUCTS, INC., and COSTCO
WHOLESALE CORPORATION,

                         Defendants.

-------------------------------------------------------------------X

Filed:_____

INDEX NO.:

Plaintiff designates Bronx
County as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
809 Revere Avenue
Bronx, New York 10465

**To the above-named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner.

    In the event of your failure to appear or answer this summons, a judgment by default will be taken against you for the relief demanded in the Complaint, together with the costs of this action.

Dated: New York, New York
       February 26, 2024

                       **LEAV & STEINBERG, L.L.P.**

                       Anthony Beneduce, Esq.
                       *Attorneys for Plaintiff*
                       ***JOHN JOSEPH TAGLIARINO***
                       75 Broad Street, Suite 1601
                       New York, New York 10004
                       Tel. No.: (212) 766-5222

                 SEE ATTACHED RIDER
                     RIDER

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM    INDEX NO. 803383/2024E
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/28/2024

**Defendants:**

**FALCON SAFETY PRODUCTS, INC.**
Serve personally: 65 Livingston Avenue, Roseland, New Jersey 07068-1791
Serve personally also: 25 Imclone Dr, Branchburg, NJ 08876

**COSTCO WHOLESALE CORPORATION**
Serve via: Secretary of State

**PLEASE FORWARD TO YOUR INSURANCE CARRIER**

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM
NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E
RECEIVED NYSCEF: 02/28/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
JOHN JOSEPH TAGLIARINO,

                    Plaintiff,

    -against-

FALCON SAFETY PRODUCTS, INC. and COSTCO
WHOLESALE CORPORATION,

                    Defendants.
------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, JOHN JOSEPH TAGLIARINO, by his attorneys, **LEAV & STEINBERG, L.L.P.**, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1.     The plaintiff, JOHN JOSEPH TAGLIARINO, at all times hereinafter mentioned was and still is a resident of the County of Bronx, City and State of New York.

2.     The defendant **FALCON SAFETY PRODUCTS, INC.**, at all times hereinafter mentioned, was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

3.     The defendant **FALCON SAFETY PRODUCTS, INC.**, at all times hereinafter mentioned was and still is a private organization duly organized and existing under, and by virtue of, the laws of the State of New York.

4.     The defendant, **COSTCO WHOLESALE CORPORATION**, at all times hereinafter mentioned, was and still is a foreign business corporation duly organized and existing under and by virtue of, the laws of the State of New York.

5.     The defendant **COSTCO WHOLESALE CORPORATION**, at all times herein mentioned was and still is a private organization duly organized and existing under, and by virtue of, the laws of the State of New York.

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM
NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E
RECEIVED NYSCEF: 02/28/2024

6.      That defendant **COSTCO WHOLESALE CORPORATION**, at all times hereinafter mentioned, maintained a warehouse store located at 1 Industrial Lane, New Rochelle, NY 10805.

### AS AND FOR A FIRST CAUSE OF ACTION
### IN COMMON LAW NEGLIGENCE

7.      Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "7" of the complaint with the same force and effect as if fully set forth herein at length.

8.      At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** was engaged in the business of manufacturing a 12 oz. Dust Off Compressed Gas Duster.

9.      At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** was engaged in the business of designing a 12 oz. Dust Off Compressed Gas Duster.

10.     At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** was engaged in the production of a 12 oz. Dust Off Compressed Gas Duster.

11.     At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** was engaged in the marketing of a 12 oz. Dust Off Compressed Gas Duster.

12.     At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.**, was engaged in the business of distributing a 12 oz. Dust Off Compressed Gas Duster.

13.     At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** was engaged in the business of selling a 12 oz. Dust Off Compressed Gas Duster.

14.     At all times hereinafter mentioned, the defendant **FALCON SAFETY PRODUCTS, INC.** was engaged in the business of developing a 12 oz. Dust Off Compressed Gas Duster.

15.     At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** was engaged in the business of testing a 12 oz. Dust Off Compressed Gas Duster.

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM
NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E
RECEIVED NYSCEF: 02/28/2024

16.    At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** manufactured, designed, produced, marketed, distributed, developed, sold, and tested a certain 12 oz. Dust Off Compressed Gas Duster.

17.    At all times hereinafter mentioned, defendant **FALCON SAFETY PRODUCTS, INC.** sold a certain 12 oz. Dust Off Compressed Gas Duster to defendant **COSTCO WHOLESALE CORPORATION.**

18.    That on a date prior to the 29th of July, 2023, defendant **COSTCO WHOLESALE CORPORATION** sold the subject 12 oz. Dust Off Compressed Gas Duster to plaintiff, JOHN JOSEPH TAGLIARINO.

19.    That on a date prior to 29th of July, 2023, defendants **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION** manufactured, designed, produced, marketed, distributed, developed, sold, and/or tested the subject 12 oz. Dust Off Compressed Gas Duster without adequate warnings.

20.    That on a date prior to 29th of July, 2023, defendants **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION** manufactured, designed, produced, marketed, distributed, developed, sold, and/or tested the subject 12 oz. Dust Off Compressed Gas Duster in an unsafe condition.

21.    That on the 29th of July, 2023, plaintiff JOHN JOSEPH TAGLIARINO was caused to suffer severe burn injuries to both of his legs and feet inside of a bathroom located inside of his home at 809 Revere Avenue, Bronx, NY 10465, when without any warning, and due to no fault of his own, he used the subject 12 oz. Dust Off Compressed Gas Duster and a flash fire occurred.

22.    That as a result of the foregoing, plaintiff JOHN JOSEPH TAGLIARINO sustained severe and permanent personal injuries. That the aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely, through and by reason of, the carelessness, recklessness, negligence, and gross negligence of defendants **FALCON SAFETY PRODUCTS, INC., and**

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM

NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E

RECEIVED NYSCEF: 02/28/2024

**COSTCO WHOLESALE CORPORATION,** and each of them, their agents, officers, servants and/or employees, in the manufacture, design, warning, production, marketing, distribution, development, sale, and/or testing of a dangerous, defective, unsafe product; in the negligent manufacture, design, warning, production, marketing, distribution, development, sale, and/or testing of the subject 12 oz. Dust Off Compressed Gas Duster; in placing corporate profits over consumer safety by selecting a cheaper extremely flammable propellant for the subject product, specifically, 1,1-Difluoroethane; in the negligent manufacture, design, and warning of the subject 12 oz. Dust Off Compressed Gas Duster; in selecting an extremely flammable gas propellant over a non-flammable propellant for the subject 12 oz. Dust Off Compressed Gas Duster; in creating ambiguous warnings for the product; in creating an ambiguous and unclear label for the product and its uses; in failing to properly warn the public of the hazards associated with the use and design of the subject 12 oz. Dust Off Compressed Gas Duster; in failing to adequately warn the public and consumers regarding hazardous nature of 1,1-Difluoroethane; in failing to adequately warn consumers of all foreseeable dangers in the use of their product; in failing to warn the consumer of the extremely flammable nature of 1,1-Difluoroethane; in failing to ensure that the 12 oz. Dust Off Compressed Gas Duster met proper industrial standards as of the date of its manufacture and sale; in failing to provide proper and adequate instructions on the use of the subject 12 oz. Dust Off Compressed Gas Duster; in labeling the product with confusing instructions; in failing to have proper warnings on the aforesaid 12 oz. Dust Off Compressed Gas Duster; in causing, permitting and/or allowing the 12 oz. Dust Off Compressed Gas Duster to be, become and remain in an unsafe, hazardous, dangerous, and trap like condition; in failing to properly and/or timely repair the 12 oz. Dust Off Compressed Gas Duster; in failing to warn plaintiff, and others, of the dangers existing threat; in failing to provide clear and unambiguous instructions for the use of the subject 12 oz. Dust Off Compressed Gas Duster; in failing to place any signs on the subject 12 oz. Dust Off Compressed Gas Duster to warn others of the dangers existing thereat; in failing to properly and

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM

NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E

RECEIVED NYSCEF: 02/28/2024

timely remedy the aforesaid hazardous conditions although defendants had or should have had knowledge or notice thereof in view of the fact that said conditions existed for some time prior to the occurrence and were created by defendants; in the negligent, careless, and reckless manufacture, design, production, marketing, distribution, development, sale, and/or testing of the subject 12 oz. Dust Off Compressed Gas Duster; in failing to warn the plaintiff and like others of the inherent design defects in the subject 12 oz. Dust Off Compressed Gas Duster; in failing to hire and/or train adequate and competent persons to supervise the manufacture, design, production, marketing, distribution, development, sale, and/or testing of the subject 12 oz. Dust Off Compressed Gas Duster; in failing to take any and all reasonable precautions to safeguard against this occurrence; in failing to properly inspect the subject 12 oz. Dust Off Compressed Gas Duster; in failing to take reasonable steps to prevent foreseeable flash fires from occurring as a result of a foreseeable use of a 12 oz. Dust Off Compressed Gas Duster; in failing to give plaintiff herein an opportunity to avoid this occurrence; in failing to warn their customers of the dangerous nature of the gas contained within the subject 12 oz. Dust Off Compressed Gas Duster; in failing to warn consumers of the risk of a flash fire in using the product near a hot water heater; in failing to warn the consumer of the risk of an explosion in using the product near a dryer; in failing to warn the consumer that 1,1-DIFLUOROETHANE vapors are heavier than air and a flame can travel back to the source of leak very easily, a leak that can be either a liquid or vapor leak; in failing to warn consumers that 1,1-DIFLUOROETHANE vapors are heavier than air and may travel a considerable distance to an ignition source and flash back; in having knowledge of prior similar incidents, and failing to take action to correct the unsafe nature of the product; in having knowledge of, or should have knowledge of prior similar occurrences, and failing to take action to correct the unsafe nature of the product; in failing to design out, guard against, or adequately warn of the risk of a flash fire when using the product within 6 feet of an ignition source; in failing to adequately warn consumers of what defines an ignition source with respect to the product; in failing to design

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM

NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E

RECEIVED NYSCEF: 02/28/2024

out, guard against, or adequately warn of the risk of a flash fire when using the product within 8 feet of an ignition source; in failing to secure life and limb of their customers, and those reasonably expected to use the subject 12 oz. Dust Off Compressed Gas Duster; in allowing all of the foregoing to exist with actual and constructive notice; in the gross, wanton, reckless and willful acts of defendants, and each of them, their agents, servants and/or employees; in violating the applicable laws, rules, statutes, ordinances and regulations made and provided regarding the manufacture, design, production, marketing, distribution, development, sale, and/or testing of the subject 12 oz. Dust Off Compressed Gas Duster; in violation of the United States Hazardous Products Regulations; and in failing to exercise reasonable care and prudence, all without any fault of lack of care on the part of plaintiff contributing thereto.

23.    That by reason of the foregoing, plaintiff, JOHN JOSEPH TAGLIARINO sustained severe personal injuries to both of his legs and feet, limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, most of his injuries are permanent in nature; that he has been unable to pursue his duties and recreational activities for some time; that he has been confined to bed and home for some time; that he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money therefore in an endeavor to cure or alleviate his injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress and will sustain a loss of the enjoyment, pleasures and pursuits of life.

24.    That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

25.    That the amount of damages sought herein exceeds the jurisdictional limits of all other course which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF EXPRESS AND IMPLIED WARRANTIES

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM

NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E

RECEIVED NYSCEF: 02/28/2024

26.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "25" of the complaint with the same force and effect as if fully set forth herein at length.

27.     That at the time the subject 12 oz. Falcon Dust Off Compressed Gas Duster was sold by defendants **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION**, said defendants, their agents, servants and/or employees, expressly or impliedly warranted to the general public that the subject 12 oz. Falcon Dust Off Compressed Gas Duster was safe, merchantable, fit for ordinary and intended purposes for which it was designed, manufactured, and sold.

28.     That the warranties of defendants **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION** were false in that the 12 oz. Falcon Dust Off Compressed Gas Duster was not fit for the use and purposes for which it had been designed, manufactured, and sold.

29.     That the aforesaid warranties of defendants **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION** were relied upon by Plaintiff at the time of his use and/or operation of the subject 12 oz. Falcon Dust Off Compressed Gas Duster, and more particularly, on the date of the occurrence herein; the 29th of July, 2023.

30.     That defendants, **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION**, their agents, servants and/or employees breached their warranties in that the subject 12 oz. Falcon Dust Off Compressed Gas Duster was not fit for the purposes for which it was intended; was not of merchantable quality and was unsafe for uses intended; that the 12 oz. Falcon Dust Off Compressed Gas Duster was unsafe in design and dangerous and contained latent defects and was carelessly manufacturer, designed, assembled, maintained, distributed, and/or sold, and did not perform to the expectations of plaintiff.

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM
NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E
RECEIVED NYSCEF: 02/28/2024

31.    That as a result of the foregoing, plaintiff JOHN JOSEPH TAGLIARINO sustained severe and permanent personal injuries.

32.    That the amount of damages sought herein exceeds the jurisdictional limits of all other course which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
### STRICT LIABILITY

33.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "32" of the complaint with the same force and effect as if fully set forth herein at length.

34.    That at all times hereinafter mentioned, plaintiff JOHN JOSEPH TAGLIARINO used the subject 12 oz Falcon Dust Off Compressed Gas Duster that was designed, manufactured, distributed, sold and/or leased by defendants in accordance with the instructions provided.

35.    That the aforesaid product was defective in design and/or manufacture, and unsafe, inadequate and unfit for the purposes for which designed, manufactured, sold and distributed by defendants. The defendants by their agents, servants and/or employees were careless, reckless, and negligent in the manufacture of said product and failed to use due care in the design, construction, testing, and warning thereof. The limitations and dangers inherent in the use of said product were not open and obvious and could not be ascertained or known to plaintiff JOHN JOSEPH TAGLIARINO, either by visual inspection or by the execution of preliminary testing.

36.    That the defendants, and each of them, through their officers, agents, servants and/or employees, were careless and negligent in failing to properly manufacture and design the aforesaid 12 oz Falcon Dust Off Compressed Gas Duster so as to have proper safety mechanisms, guards and devices in place including but not limited to defectively and dangerously designed and manufactured parts and components that made up the duster; in providing an improper guard and/or no guard on the subject 12 oz Falcon Dust Off Compressed Gas Duster; in that the 12 oz

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM

NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E

RECEIVED NYSCEF: 02/28/2024

Falcon Dust Off Compressed Gas Duster is designed for novice 12 oz Falcon Dust Off Compressed Gas Duster users and the guard in place actually created the appearance of security that did not exist; in failing to properly inspect and test the 12 oz Falcon Dust Off Compressed Gas Duster; in failing to provide proper warnings of those dangers and hazards, or those dangers and hazards that reasonably should have been known by defendants, their officers, agents, servants and/or employees in the exercise of reasonable care; in failing to provide proper instructions and directions as to the use, operation, maintenance, repair and/or servicing of the aforesaid 12 oz Falcon Dust Off Compressed Gas Duster; in failing to make applicable changes in the design and manufacture of the Falcon Dust Off Compressed Gas Duster 12 oz after defendants knew or should have known of the various defects in the design and manufacture of the 12 oz Falcon Dust Off Compressed Gas Duster; in distributing and selling a defective, dangerous and hazardous Falcon Dust Off Compressed Gas Duster 12 oz that was not merchantable and not fit for the use intended; in that manufacturer failed to exercise reasonable care to make the product reasonably safe for its normal use: in failing breach of duty, resulting in the product being defective or not reasonably safe; in failing the manufacturer's conduct at time product was placed on the market; i.e., the engineering, scientific, and technical "know how" available at the time of the product's design constitutes the time frame; in failing to obey the applicable statutes, ordinances, rules and regulations in such case made and provided for and in otherwise being careless, reckless and negligent.

37.    That the aforesaid occurrence was due solely by reason of the negligence of the defendants and through no fault or lack of care on the part of the plaintiff contributing thereto.

38.    That the amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

39.    That by reason of the aforesaid occurrence, plaintiff sustained serious and severe personal injuries to head, body and limbs; a severe shock to the nervous system; suffered great

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM
NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E
RECEIVED NYSCEF: 02/28/2024

physical pain and mental anguish; was confined to bed and home and caused to abstain from usual duties and activities; was forced to seek medical aid and attention and to expend divers sums of money for same, in an endeavor to be healed and cured of said injuries, which may be permanent and lasting.

40.    This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

41.    That defendants, **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION**, are liable to plaintiffs in Strict Liability.

**WHEREFORE,** the plaintiff demands judgment against defendants **FALCON SAFETY PRODUCTS, INC., and COSTCO WHOLESALE CORPORATION,** and each of them, on the First, Second, and Third Causes of Action, in such sums as a jury may find fair, reasonable and just, together with interests, costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      February 26, 2024

               **LEAV & STEINBERG, L.L.P.**

               Anthony Beneduce, Esq.
               *Attorneys for Plaintiff*
               ***JOHN JOSEPH TAGLIARINO***
               75 Broad Street, Suite 1601
               New York, New York 10004
               Tel. No.: (212) 766-5222

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM

NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E

RECEIVED NYSCEF: 02/28/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

JOHN JOSEPH TAGLIARINO,

                            Plaintiff,

-against-

FALCON SAFETY PRODUCTS, INC. and COSTCO
WHOLESALE CORPORATION,

                            Defendants.

------------------------------------------------------------------X

Index No.:

**ATTORNEY'S
VERIFICATION**

      ANTHONY M. BENEDUCE, an attorney duly licensed to practice before the courts of the State of New York, does hereby affirm this 26th day of February 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law:

      I am an attorney with the firm of LEAV & STEINBERG, L.L.P., the attorneys of record for the plaintiff.

      I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

      This verification is made by affirmant and not by plaintiff because he is not in the County of New York, which is the County where your affirmant maintains offices.

      The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
        February 26, 2024

LEAV & STEINBERG, L.L.P.

Anthony Beneduce, Esq.

FILED: BRONX COUNTY CLERK 02/28/2024 11:57 AM

NYSCEF DOC. NO. 1

INDEX NO. 803383/2024E

RECEIVED NYSCEF: 02/28/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:

_____

JOHN JOSEPH TAGLIARINO,

Plaintiff,

-against-

FALCON SAFETY PRODUCTS, INC. and COSTCO WHOLESALE CORPORATION,

Defendants.

_____

**SUMMONS and VERIFIED COMPLAINT**

_____

**LEAV & STEINBERG, L.L.P.**
*Attorneys for Plaintiff*
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222

_____